UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PRISCELLA SAINTAL BOWMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LV METROPOLITAN POLICE DEPT., et al.,<br><br>　　　　Defendants. | Case No. 2:22-cv-01481-ART-NJK<br><br>**ORDER**<br><br>[Docket No. 1-1] |

**I.　BACKGROUND**

Plaintiff is proceeding in this action *pro se*. Plaintiff has submitted a complaint under 42 U.S.C. §1983 to initiate this case. Docket No. 1-1. Plaintiff alleges that various Las Vegas Metropolitan Police Department entities and officials and members of the Nevada Board of Parole Commissioners have violated her First, Fourth, Eighth, and Fourteenth Amendment rights. *Id.* at 5, 8, 12, 14, 15.

Plaintiff alleges that she was released from state prison on lifetime parole on November 16, 2016. *Id.* at 2. On May 16, 2018, Plaintiff alleges that she married her husband, Darryl Bowman. *Id.* Plaintiff alleges that she was convicted of a domestic violence misdemeanor in October 2018 and that her parole was then revoked. *Id.* Plaintiff alleges that she was again released on parole in December 2018. *Id.* As a condition of her release, Plaintiff alleges she was ordered to have "no contact with Darryl Bowman … whatsoever." *Id.* It is this parole condition that underpins most of Plaintiff's claims. Plaintiff further alleges that, during her most recent period of detention for violating the challenged parole condition, she was subjected to excessive force by Clark County Detention Center correctional officers. *Id.* at 12-13. Plaintiff's complaint alleges state law and constitutional claims against the Las Vegas Metropolitan Police Department ("LVMPD"), the Clark County Detention Center, LVMPD Officer Bodner and LVMPD Officers

Doe, Corrections Officer Hooks, Corrections Officer Guerrero, Sergeant Peterson of CCDC, and unnamed Nevada Board of Parole Commissioners members.

## II.     STANDARDS

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint.[1] 28 U.S.C. § 1915(e).  Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Courts must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

---

[1] The Court granted Plaintiff's application for leave to proceed *in forma pauperis* on November 16, 2022.  Docket No. 6.  Plaintiff paid the initial installment toward her filing fee on December 19, 2022.  Docket No. 8.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). When screening *pro se* complaints, courts must construe the facts alleged so as "to afford the petitioner the benefit of any doubt." *Hebbe*, 627 F.3d at 342 (internal citation omitted).

## III.  ANALYSIS

Plaintiff alleges multiple claims against LVMPD, its subsidiary bureau the Clark County Detention Center, and several LVMPD employees.[2]

1.  <u>False Imprisonment Claim (Claim 2)</u>

Plaintiff alleges that she was falsely imprisoned on multiple occasions by LVMPD and its officers. Plaintiff first alleges that she was falsely imprisoned in August of 2020 when she was detained for twenty-six days after an arrest for violating the challenged parole condition. Docket No. 1-1 at 8. Plaintiff fails, however, to name individual defendants for this claim. Plaintiff next alleges that she was falsely imprisoned on January 24, 2021, when she was arrested by LVMPD Officers for violating the challenged parole condition. *Id.* at 9. Plaintiff alleges that she was held at Clark County Detention Center for thirty days and was only transferred to another facility after filing a grievance. *Id.* Plaintiff further alleges that she was held at this secondary facility for forty-five days before being brought before the Parole Board. *Id.* at 9-10. Plaintiff finally alleges that she was falsely imprisoned on July 24, 2022, when LVMPD Officer Bodner and unnamed LVMPD Officers arrested her for violating the challenged parole condition. *Id.* at 10. Plaintiff alleges that, after this arrest, she was once again held for twenty-six days without any charges filed or proceedings initiated against her. *Id.* at 11. She further alleges that, after filing a grievance for excessive force during this detainment, she was transported to another facility. *Id.*

---

[2]  A separate report and recommendation will issue with respect to the Nevada Board of Parole Commissioners members.

Under Nevada law, "[e]ven if an arrest is made pursuant to valid legal process and therefore unactionable, imprisonment following the arrest may under some circumstances become unlawful." *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1144 (Nev. 1983) (internal citation omitted). "[A] person who makes an arrest, or his principal or employer, is liable for false imprisonment if he fails to take the arrested person before a court" within a reasonable time. *Id.* at 1144-45 (Nev. 1983) (internal citations omitted). Liability is limited to "only the officers who actively participated in the unlawful detention (or their principals or employers)." *Id.* at 1145. Active participation, however, can involve as little as transporting the individual alleging false imprisonment to the jail. *Id.* Whether undue delay occurred depends on the particular circumstances of the case. *Id.* Nevada procedural rules, however, generally require an initial appearance before a judicial officer within three business days of arrest. Nev. R. Crim. P. 4(2)(B)(i).

Plaintiff alleges that she was detained on three separate occasions for over twenty days without being brought before a judicial officer. This length of time far exceeds the general requirement of being brought before a judicial officer within three days of arrest. Plaintiff, therefore, has alleged sufficient facts to show that the delay was unlawful. When screening *pro se* complaints, courts must draw inferences "to afford the petitioner the benefit of any doubt." *Hebbe*, 627 F.3d at 342. At no point in her complaint does Plaintiff allege that anyone other than the arresting officers transported her to Clark County Detention Center. Accordingly, the Court must infer that the arresting officers transported her to Clark County Detention Center. Plaintiff has, therefore, sufficiently alleged that the arresting officers actively participated in Plaintiff's alleged false imprisonment. The Court finds that Plaintiff has stated viable false imprisonment claims against LVMPD, the Clark County Detention Center, Officer Bodner, and other unnamed LVMPD Officers.

2.    Excessive Force Claim (Claim 3)

Plaintiff alleges that she was subjected to excessive force while detained at Clark County Detention Center. Docket No. 1-1 at 12. Specifically, she alleges that, on the evening of August 7, 2022, the "pod" she was in at CCDC was ordered on lockdown. *Id.* Plaintiff alleges that, prior

to the lockdown order, she was speaking on the phone with her family. *Id.* When the phones were disconnected for the lockdown, Plaintiff alleges that she laughed. *Id.* Plaintiff alleges that, after she laughed, Corrections Officer Hooks "slammed [her] against the pole [and] kicked her feet open." *Id.* She further alleges that C/O Hooks grabbed her by her hair and neck. *Id.* at 11-12. Plaintiff alleges that she asked C/O Hooks to refrain from grabbing her there because her neck "is fused" from a "disc slipping" and "one wrong twist [would] paralyze [her]." *Id.* at 12. Plaintiff alleges that she was then "snatched and dragged by both arms" back to her cell. *Id.* Plaintiff alleges that during this entire interaction, Corrections Officers Aguilar and Guerrero and Sergeant Peterson were watching while laughing and yelling at her. *Id.* at 11-12. Plaintiff further alleges that, after the incident was over, Sgt. Peterson took C/O Hooks and Guerrero aside and coached them on how to report the incident. *Id.* at 12.

To the Court's knowledge, the Ninth Circuit has not addressed whether an excessive force claim brought by a parolee detained for violating her parole is evaluated under the Eighth Amendment standard for convicted prisoners or the Fourteenth Amendment standard for pretrial detainees. Plaintiff was detained for violating her parole. At the time of the alleged excessive force, Plaintiff had yet to have an initial appearance for the alleged parole violation. The Court finds that, because Plaintiff had not yet been formally adjudicated, her excessive force claim is properly evaluated under the Fourteenth Amendment. *Cf. Comfort v. Jackson County*, 2010 WL 2817183, *3 (D. Or. 2010).

Under the Fourteenth Amendment, Plaintiff "must show only that the force purposefully or knowingly used against [her] was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). An act is purposeful or knowing when it is deliberate. *Id.* at 396. Put another way, a defendant acts purposefully or knowingly when he knows his actions will result in "the bringing about of certain physical consequences in the world." *Id.* at 395. Objective reasonableness is not a mechanical standard. It instead "turns on the facts and circumstances of each particular case." *Id.* at 396 (internal quotation omitted). Factors that bear on reasonableness of the force used include

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to

5

limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* at 397. The Court must evaluate reasonableness "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* at 396.

The Court finds that Plaintiff states a colorable claim for excessive force. Plaintiff alleges that C/O Hooks ""slammed [her] against the pole" for laughing. Docket No. 1-1 at 12. Plaintiff further alleges that, after she was handcuffed and after she mentioned her injured neck, C/O Hooks did not temper the force used and instead continued to twist Plaintiff's head and neck. *Id.* at 13. Plaintiff does not indicate what the broader security situation in the pod was like at the time. However, Sgt. Peterson and C/Os Aguilar and Guerrero allegedly watched the entire incident. If the security problem in the pod was particularly severe, they likely would have had other issues to address. Plaintiff also alleges that, rather than being walked back to her cell, "she was snatched and dragged." *Id.* These allegations are sufficient to state a colorable claim of excessive force on screening against Clark County Detention Center, Corrections Officers Hooks and Guerrero, and Sergeant Peterson.

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (Docket No. 1-1) on the docket.[3]

2. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be perfected no later than May 1, 2023.

3. The Court **REQUESTS** that Defendants LVMPD, the Clark County Detention Center, LVMPD Officer Bodner, Corrections Officer Hooks, Corrections Officer Guerrero, and Sergeant Peterson waive service of summons and of the complaint by executing,

---

[3] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss.

or having counsel execute, a Waiver of Service of Summons. *See* Fed. R. Civ. P. 4(d). Such Waiver must be filed with the Court no later than February 27, 2023. If these Defendant(s) choose to return the Waiver of Service of Summons, their answer or other appropriate response to the complaint (Docket No. 1-1) will be due no later than March 27, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii); *see also* 42 U.S.C. § 1997e(g)(2).

The Court **INSTRUCTS** the Clerk's Office to mail the following documents to Defendants LVMPD, the Clark County Detention Center, LVMPD Officer Bodner, Corrections Officer Hooks, Corrections Officer Guerrero, and Sergeant Peterson:

(a) the complaint (Docket No. 1-1); and

(b) this order which includes the Notice of Lawsuit and Request to Waive Service of Summons; and the Waiver of Service of Summons form.

4. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: January 26, 2023

Nancy J. Koppe
United States Magistrate Judge

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Priscella Saintal Bowman  <br>*Plaintiff*  <br>v.  <br>LV Metropolitan Police Dept., et al.  <br>*Defendant* | ) ) ) ) ) ) Civil Action No. 2:22-cv-01481-ART-NJK |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Las Vegas Metropolitan Police Department
(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Nevada

Priscella Saintal Bowman
*Plaintiff*
v.
LV Metropolitan Police Dept., et al.
*Defendant*

Civil Action No. 2:22-cv-01481-ART-NJK

## WAIVER OF THE SERVICE OF SUMMONS

To: Priscella Saintal Bowman
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.