# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PRISCELLA SAINTAL BOWMAN,<br>    Plaintiff,<br>v.<br>LV METROPOLITAN POLICE DEPT, et al.,<br>    Defendants. | Case No. 2:22-cv-01481-ART-NJK<br>**REPORT AND RECOMMENDATION**<br>[Docket No. 1-1] |

Plaintiff is proceeding in this action *pro se.* Plaintiff has submitted a complaint under 42 U.S.C. §1983 to initiate this case. Docket No. 1-1. Plaintiff alleges that various Las Vegas Metropolitan Police Department entities and officials and members of the Nevada Board of Parole Commissioners have violated her First, Fourth, Eighth, and Fourteenth Amendment rights. *Id.* at 5, 8, 12, 14, 15.

Plaintiff alleges that she was released from state prison on lifetime parole on November 16, 2016. *Id.* at 2. On May 16, 2018, Plaintiff alleges that she married her husband, Darryl Bowman. *Id.* Plaintiff alleges that she was convicted of a domestic violence misdemeanor in October 2018 and that her parole was then revoked. *Id.* Plaintiff alleges that she was again released on parole in December 2018. *Id.* As a condition of her release, Plaintiff alleges, she was ordered to have "no contact with Darryl Bowman … whatsoever." *Id.* It is this parole condition that underpins most of Plaintiff's claims. Plaintiff further alleges that, during her most recent period of detention for violating the challenged parole condition, she was subjected to excessive force by Clark County Detention Center correctional officers. *Id.* at 12-13. Plaintiff's complaint alleges state law and constitutional claims against the Las Vegas Metropolitan Police Department, the Clark County Detention Center, LVMPD Officer Bodner and LVMPD Officers Doe,

Corrections Officer Hooks, Corrections Officer Guerrero, Sergeant Peterson of CCDC, and Nevada Board of Parole Commissioners members Johns and Janes Doe.[1]

Plaintiff submits that unnamed members of the Nevada Board of Parole Commissioners violated her First, Eighth, and Fourteenth Amendment rights by imposing the challenged parole condition. Docket No. 1-1 at 5, 8, 14, 15. The Ninth Circuit has held "that absolute immunity extends to parole officials for the imposition of parole conditions because that task is integrally related to an official's decision to grant or revoke parole, which is a quasi-judicial function." *Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2013) (quoting *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004)). The unnamed members of the Board of Parole Commissioners were acting in their official capacity when they imposed the challenged parole condition on Plaintiff. Accordingly, the Court finds that they are immune from being sued for damages, and Plaintiff's claims against them must be dismissed.

For the foregoing reasons, the undersigned **RECOMMENDS** that all claims against the Nevada Board of Parole Commissioners members be **DISMISSED** with prejudice.

Dated: January 26, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[1] A separate order will issue with respect to the LVMPD defendants.