ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
E. MATTHEW FREEMAN
Nevada Bar No. 14198
Matt.Freeman@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendants*
*Las Vegas Metropolitan Police Department,*
*Travis Bodnar, Shania Hook, Christian Guerrero*
*and Jothan Peterson*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

\*\*\*

| | |
|---|---|
| PRISCELLA SAINTAL-BOWMAN,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; TRAVIS BODNAR; SHANIA HOOK; CHRISTIAN GUERRERO; JOTHAN PETERSON;  (2) JANE DOES; (2) JOHN DOES,<br><br>Defendants. | CASE NO. 2:22-cv-1481-ART-NJK<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

The parties to this action, by their respective counsel, having agreed to the following, and for good cause shown pursuant to Fed. R. Civ. P 26(c)(1), IT IS HEREBY ORDERED as follows:

**1. PURPOSES AND LIMITATIONS.**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under law to treatment as confidential.

94433208.1

## 2. SCOPE.

All documents produced in the course of discovery, all responses to discovery requests, and all deposition testimony and exhibits and any other materials which may be subject to discovery (hereinafter collectively "Discovery Material") shall be subject to this stipulated protective order concerning confidential information as set forth below. Any party, or any third party who produces documents in this litigation, may designate documents as Confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain "Confidential Information," as defined below, and pursuant to the procedure set forth below.

## 3. CONFIDENTIAL INFORMATION.

"Confidential Information" shall mean information meriting special protection under the Federal Rules of Civil Procedure and applicable case law. Confidential Information does not include information that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain through no fault of the Receiving Party; (c) the Receiving Party can show was already in its rightful and lawful possession at the time of disclosure; or (d) the Receiving Party lawfully receives from a Non-party later without restriction as to disclosure.

## 4. OTHER DEFINITIONS.

Party: any party to this action, including all of its officers, directors, agents, and attorney(s) of record for a Party in this action (including their associates, paralegals, and support/clerical staff).

Non-party: any individual, corporation, association, or natural person or entity other than a party.

Protected Material: any Discovery Material containing Confidential Information that is designated by a Party or Non-party as "CONFIDENTIAL," unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply the Court for an order designating the material confidential within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

Producing Party: a Party or Non-party that produces Discovery Material in this action.

Receiving Party: a Party that receives Discovery Material from a Producing Party.

Designating Party: a Party or Non-party that designates Discovery Material as "CONFIDENTIAL". The Party or Non-party designating information or items as Protected Material bears the burden of establishing good cause for the confidentiality of all such items.

Challenging Party: a party that elects to initiate a challenge to a Designating Party's confidentiality designation.

### 5. FORM AND TIMING OF DESIGNATION.

Protected Material shall be so designated by the Producing Party by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the "Confidential" designation. Documents shall be designated "Confidential" prior to, or contemporaneously with, the production or disclosure of the documents.

A Designating Party must exercise restraint and make good faith efforts to limit CONFIDENTIAL designations to specific materials that qualify for protection under the appropriate standard. Further, a Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If only a portion or portions of materials on a page or within a document merit protection, a Producing Party must so indicate by making appropriate markings in the margins but not over text.

A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and, before producing the specified documents, the Producing Party must affix the appropriate legend on each

page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriated markings in the margins or by redacting protected portions).

Portions of depositions shall be designated Confidential when the deposition is taken or within fourteen (14) business days after receipt of the transcript, if feasible. Such designation shall be specific as to the pages and lines to be protected. A Designating Party must exercise restraint and make good faith efforts to limit "CONFIDENTIAL" designations to specific testimony or materials that qualify for protection under the appropriate standards.

Inadvertent or unintentional production of Protected Material without prior designation as "Confidential" shall not be deemed a waiver, in whole or in part, of the right to designate documents as Protected Material as otherwise allowed by this Order. Further, a Party may assert that disclosures or discovery material produced by another Party constitute Protected Material by informing the opposing Party by following the procedures set forth herein for a Designated Party.

### 6. Protection of PROTECTED Material.

**a. General Protections.** Protected Material shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 6(b)) for any purposes whatsoever other than preparing for and conducting litigation in the above-entitled action (including any appeal) and resolving any third party claims including, without limitation, Medicare and Medicaid.

**b. Qualified Receiving Parties and Limited Third Party Disclosures.** Protected Material shall be held in confidence by each qualified Receiving Party to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a qualified recipient. All Protected Material shall be carefully maintained so as to preclude access by persons who are not qualified Receiving Parties.

Subject to these requirements, in addition to Parties and the Court, the following categories of persons may be allowed to review Protected Material pursuant to this Order subject to executing an acknowledgment (in the form set forth at Exhibit A hereto), that he or she has read and understands the terms of this Order and is bound by it:

  (1) Any officers, directors, or designated employees of a Party deemed necessary by counsel of record in this action to aid in the prosecution, defense, or settlement of this action;

  (2) Professional outside vendors for attorneys of record (such as copying services and translators and interpreters),

  (3) Court reporters, deposition notaries and staff;

  (4) The author of any document designated as CONFIDENTIAL or the original source of Confidential Information contained therein;

  (5) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

  (6) Deponents during the course of their depositions;

  (7) Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or indemnify or reimburse payments or costs associated with these proceedings;

  (8) Any private mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties;

  (9) Any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

  c. **Control of Documents.** Counsel for Parties shall take reasonable efforts to prevent unauthorized disclosure of Protected Material pursuant to the terms of this Order. No copies of Protected Material shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action.

  d. **Copies.** Any person making copies of Protected Material shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order. All copies shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be

1 | afforded the full protection of this Order.

### 7. UNAUTHORIZED DISCLOSURE.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

8. See order issued concurrently herewith.

### 9. Challenges to PROTECTED MATERIAL.

Any designation of Protected Material is subject to challenge. The following procedures shall apply to any such challenge:

**a. Burden.** The burden of proving the necessity of a "CONFIDENTIAL" designation remains with the party asserting confidentiality.

**b. Notice; Opportunity to Challenge.** A party who contends that Protected Material is not entitled to confidential treatment shall give written notice to the party who affixed the "CONFIDENTIAL" designation of the specific basis for the challenge. The party who so designated the documents shall have fourteen (14) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the "CONFIDENTIAL" designation, and the status as Protected Material.

**c**. **Treatment as Protected Material until Order or Withdrawal.** Notwithstanding any challenge to the designation of documents as such, all material previously designated "CONFIDENTIAL" shall continue to be treated as Protected Material subject to the full protections of this Order until one of the following occurs: (1) the Party who claims that the documents are Protected Material withdraws such designation in writing; (2) the Party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or (3) the Court rules that the documents are not Protected Material and/or should no longer be designated as "Confidential."

### 10. DURATION; Conclusion of Litigation.

All provisions of this Order restricting the use of Protected Material shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered. However, the dismissal of this action will terminate the jurisdiction of this Court, including over this Order. Within sixty (60) days of the final termination of the above-entitled action, which would be either

a final judgment on all claims or stipulation and order for dismissal with prejudice, all documents and information designated as CONFIDENTIAL by a Designating Party and which has not been challenged, including any copies, or documents containing information taken therefrom, shall be returned to the Designating Party.  In the alternative, within sixty (60) days of the final termination of this case, which would be either a final judgment on all claims or stipulation and order for dismissal with prejudice, all such documents, including copies, may be shredded or disposed of in a manner to ensure the destruction thereof.  To the extent a party has designated portions of a deposition transcript as CONFIDENTIAL, the non-designating party is under no obligation or duty to shred or dispose of the deposition transcript, or any portion thereof, however, the CONFIDENTIAL designation will remain.

## 11. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material designated by another Party or Non-party, the Party must so notify the Designating Party, in writing (by e-mail or fax, if possible) within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

## 12. ORDER SUBJECT TO MODIFICATION.

This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in in the above-entitled action to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

## 13. NO JUDICIAL DETERMINATION.

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

### 14. MISCELLANEOUS.

**a. Public Health and Safety.** Nothing in this Order is intended to prevent any Party from raising with the Court any concern that the non-disclosure of certain Protected Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

**b. Right to Further Relief.** Nothing is this Order abridges the right of any Party or person to seek its modification by the Court in the future.

**c. Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### 15. PERSONS BOUND UPON ENTRY OF ORDER.

This Order shall take effect when entered and shall be immediately binding upon the Parties (as defined herein).

IT IS SO STIPULATED.

DATED the 22 day of May, 2023.

PRISCELLA SAINTAL-BOWMAN

Priscella Saintal-Bowman
9109 Dolente Avenue
Las Vegas, Nevada 89129
*Plaintiff in Pro Se*

DATED the 7 day of June, 2023.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

Robert W. Freeman, Esq.,
Nevada Bar No.: 3062
E. Matthew Freeman, Esq.,
Nevada Bar No.: 14198
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
*Attorneys for Defendants*

### ORDER

IT IS SO ORDERED.

Dated this 12th day of June, 2023.

_____
UNITED STATES MAGSITRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT AND AGREEMENT TO COMPLY WITH STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that he/she has been provided with a copy of the Parties' **Stipulated Confidentiality Agreement and Protective Order** entered in the case no. 2:22-cv-1481-ART-NJK, captioned *PRISCELLA SAINTAL-BOWMAN v. LAS VEGAS METROPOLITAN POLICE DEPARTMENT; TRAVIS BODNAR; SHANIA HOOK; CHRISTIAN GUERRERO; JOTHAN PETERSON; (2) JANE DOES; (2) JOHN DOES*, in the United States District Court, District of Nevada, Southern Division. The undersigned has reviewed said Stipulated Confidentiality Agreement and Protective Order and hereby agrees to be bound by the terms thereof.

DATED this \_\_\_ day of _____, 2023

By:_____
Litigation Participant – Signature

_____
Name (Printed)

_____
Street Address

_____
City       State   Zip

_____
Occupation / Business