UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PRISCELLA SAINTAL BOWMAN,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>LV METROPOLITAN POLICE DEPT, et al.,<br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-01481-ART-NJK<br><br>ORDER |

  *Pro se* Plaintiff Priscella Bowman ("Bowman") brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Nancy Koppe (ECF No. 11), recommending that that all claims against the Nevada Board of Parole Commissioners members be dismissed. For the reasons set forth below the Court will adopt the R&R in full.

  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Plaintiff objects to the R&R and thus the Court conducts de novo review. The Court, having conducted de novo review agrees with Magistrate Judge Koppe that Nevada Board of Parole Commissioners members are absolutely immune from being sued for damages. The Ninth Circuit has held "that absolute immunity extends to parole officials for the imposition of parole conditions because that task is integrally related to an official's decision to grant or revoke parole, which is a quasi-judicial function." *Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2013) (quoting *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004)). The unnamed members of the Board of Parole Commissioners were acting in their official capacity when they imposed the challenged parole condition on Plaintiff.

Accordingly, the Court finds that they are immune from being sued for damages, and Plaintiff's claims against them must be dismissed. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

IT IS THEREFORE ORDERED that Magistrate Judge Koppe's Report and Recommendation (ECF No. 11) is accepted and adopted in full;

IT IS FURTHER ORDERED that all claims against the Nevada Board of Parole Commissioners members be DISMISSED WITH PREJUDICE.

DATED THIS 12th Day of July 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE