UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PRISCELLA SAINTAL BOWMAN,<br><br>　　　　　Plaintiff,<br>　v.<br>LV METROPOLITAN POLICE DEPT, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:22-cv-01481-ART-NJK<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Priscella Bowman brings this action under 42 U.S.C. § 1983. Plaintiff alleges various violations of her constitutional rights in connection with the Parole Board requiring Plaintiff to have no contact with her husband and subsequent arrests and imprisonment for violation of this condition. (ECF No. 10.) United States Magistrate Judge Nancy Koppe granted Defendants' Motion to Strike (ECF No. 21), Motion to Clarify Constitutional Challenge Questions. (ECF No. 22.) Judge Koppe also denied Plaintiff's Motion to Amend Complaint to Join Parties (ECF No. 40). (ECF No. 41.) Plaintiff appealed both of these orders. (ECF Nos. 23, 42.) Defendants also filed a Motion to Dismiss. (ECF No. 28.) Plaintiff objected (ECF No. 34) and Defendants replied (ECF No. 38). The Court addresses each of these motions in turn.

**II.　BACKGROUND**

Plaintiff alleges the following. On November 16, 2016, Plaintiff was released from state prison on lifetime parole. (ECF No. 10 at 2.) She then married her husband, Darryl Bowman, on May 16, 2018. (*Id.*) She was convicted of a domestic violence misdemeanor in October 2018 and released on parole in December 2018

with a condition that she no longer have contact with her husband. (*Id.*) On January 24, 2021, the Las Vegas Metropolitan Police Department arrested Plaintiff for violating this condition, and she was held at Clark County Detention Center (CCDC) for thirty days without charges. (*Id.* at 2-3.) The Las Vegas Metropolitan Police Department again arrested Plaintiff on July 24, 2022, for having contact with her husband and domestic violence. (*Id.* at 4.) Officers never read Plaintiff her Miranda rights. (*Id.*)

Plaintiff alleges additional violations during her detention. On August 7, 2022, CCDC officers assaulted Plaintiff when she laughed after officers said they were going into lockdown. (*Id.*) Officers then put Plaintiff in segregation until they transported her to the Nevada Department of Corrections (NDOC). (*Id.*)

### III. DISCUSSION

#### A. Motion to Strike

Plaintiff first objected to Judge Koppe's order striking her Motion to Clarify Constitutional Challenge Questions. (ECF No. 23.) Plaintiff argues that the court can choose to respond to her constitutional questions if it so wishes. (*Id.* at 3.)

This Court "must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." FRCP 72. District courts can grant motions to strike pursuant to their inherent powers. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *see also Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) ("A district court possesses inherent power over the administration of its business.").

The Cout finds that Judge Koppe's order is not clearly erroneous. As Judge Koppe notes, while Plaintiff cites Federal Rule of Civil Procedure 5.1 to ask the court to respond to a list of constitutional questions, this is an improper use of the rule. FRCP 5.1 is designed to ensure that the attorney general is aware of any constitutional challenges to a statute so that they may intervene. *See* FRCP 5.1. Plaintiff's filing does not serve this purpose; instead, Plaintiff seeks this Court to

2

clarify constitutional questions allegedly implicated in this case. (ECF Nos. 20 at 4; 23 at 2.) The Court cannot provide legal guidance to any party, including parties proceeding *pro se. See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (refusing to address arguments on appeal not supported by legal arguments because it is not the court's responsibility to make arguments for parties) (internal citations omitted). Because Plaintiff's filing seeks this Court to go beyond its duties and powers, Judge Koppe properly granted Defendants' Motion to Strike.

### B.     Motion to Amend Complaint

Judge Koppe also did not err when she denied Plaintiff's Motion to Amend Complaint (ECF No. 40). Local Rule 15-1(a) requires amended pleadings to "be complete in and of itself without reference to the superseded pleading." LR 15-1(a). Plaintiff's proposed amended complaint fails to comply with this rule because it does not include all of the defendants and claims in the currently operative complaint. (*Compare* ECF No. 40-1 with ECF No. 10.) The Court instructs Plaintiff to list all Defendants in the case and clearly identify which claims apply to each set of Defendants in any future amended complaint.

### C.     Motion to Dismiss

The Court now turns to Defendants' Motion to Dismiss. Defendants argue the Court should dismiss the August 15, 2020, false imprisonment claim because it is time barred. (ECF No. 28 at 4.) Because the Court finds that the false imprisonment claim is not time barred, the Court will allow the claim to proceed.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Lee v. City of Los*

3

*Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A failure to comply with statute of limitations requirements is grounds for dismissal under FRCP 12(b)(6). The statute of limitations for § 1981 claims is "governed by the forum state's statute of limitations for personal injury actions." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951 (9th Cir. 2022) (quoting *Bird v. Dep't of Human Servs.*, 93 F.3d 738, 743 (9th Cir. 2019) (per curiam). "Although 'state law determines the length of the limitations period, federal law determines when a civil rights claim accrues.'" *Id.* at 952 (quoting *Bird*, 935 F.3d at 743).[1] Nevada law establishes a two-year statute of limitations period for claims for assault, battery, false imprisonment, or damages for injuries caused by the wrongful act or neglect of another. NRS 11.190(4)(c), (e). "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (internal citations omitted). Specifically, "a false imprisonment ends once the victim becomes held *pursuant to such process*-when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389-390 (internal citations omitted).

Construing all factual allegations in the light most favorable to the Plaintiff, the August 15, 2020, false imprisonment claim was timely filed. Plaintiff claims that she was incarcerated between August 15, 2020 and September 9, 2020. (ECF No. 34 at 5.) Thus, Plaintiff had until September 9, 2022 to file her claim. Plaintiff claims she mailed her complaint on August 27, 2022 (*Id.* at 5.) The Court filed

---

[1] Defendants cite to a Nevada Supreme Court case, *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990), for the proposition that the statute of limitations period "begins to run 'when the wrong occurs and a party sustains injuries for which relief could be sought.'" (ECF No. 28 at 4.) However, as explained above, federal law determines when federal civil rights claims accrue.

4

the complaint on September 9, 2022, and Defendants do not dispute this fact. (ECF Nos. 1-1 at 1; 38 at 4.) Since the complaint was filed within the statute of limitations period, the Court denies Defendants' Motion to Dismiss.

## IV.   CONCLUSION

It is therefore ordered that Plaintiff's objection (ECF No. 23) to Judge Koppe's Order (ECF No. 22) granting Defendants' Motion to Strike (ECF No. 21) is denied.

It is further ordered that Plaintiff's objection (ECF No. 42) to Judge Koppe's Order (ECF No. 41) denying their Motion to Amend Complaint (ECF No. 40) is denied.

It is further ordered that Defendants' Motion to Dismiss (ECF No. 28) is denied.

DATED THIS 25th Day of October 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE