# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PRISCELLA SAINTAL BOWMAN,<br>　　Plaintiff,<br>v.<br>LV METROPOLITAN POLICE DEPT., *et al.*,<br>　　Defendants. | Case No. 2:22-cv-01481-ART-NJK<br>**Order**<br>[Docket No. 100] |

　　Pending before the Court is Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Travis Bodnar, Shania Hook, Christian Guerrero, and Jothan Peterson's motion to quash service on Defendant Clark County Detention Center ("CCDC"). Docket No. 100. Plaintiff filed a response. Docket No. 103. Defendants filed a reply. Docket No. 108.

　　On January 6, 2023, the Court screened Plaintiff's complaint and requested that Defendants LVMPD, CCDC, Bodnar, Hook, Guerrero, and Peterson waive service of summons. Docket No. 9 at 6-7. On February 24, 2023, Defendants LVMPD, Bodnar, Hook, Guerreo, and Peterson waived service. *See* Docket Nos. 14, 15, 16, 17, 18. Two years later, on February 17, 2025, the Clerk's Office gave notice regarding intention to dismiss CCDC as there has been no proof of service filed as to it. Docket No. 97. On February 26, 2025, Plaintiff filed a proof of service. Docket No. 99.

　　Defendants seek to quash Plaintiff's service. Docket No. 100. Defendants submit that Plaintiff attempted service by mailing her handwritten summons and a copy of her complaint to the law offices of Lewis Brisbois Bisgaard & Smith, which does not amount to proper service. *Id.* at 100. Defendants further submit that Plaintiff failed to attempt to serve CCDC over 900 days after she initially filed her complaint, and attempted to serve only after the Clerk's Office warned her that CCDC may be dismissed for lack of proper service. Docket No. 108 at 2. Plaintiff submits that the attorneys at Lewis Brisbois Bisgaard & Smith "proceeded as attorneys for CCDC and not

until the Courts disputed service did Plaintiff believe that (LBSS) were not the attorneys for CCDC [as] they claimed." Docket No. 103 at 2. Plaintiff appears to contend that her delay in service is appropriate given those circumstances.[1]

Defendants submit that Plaintiff's argument is insufficient to establish excusable neglect, and that because Plaintiff delayed even attempting service on CCDC for over 900 days, CCDC should be dismissed from this matter with prejudice. Docket No. 108 at 3-4. However, Defendants provide no explanation as to why *they* waited until after the Clerk's Office filed notice to challenge CCDC's lack of service or why CCDC did not waive service.

Defendants with notice of a case who are subject to service have a duty to avoid unnecessary costs of service. *Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005); *see also* Fed. R. Civ. P. 1. Rule 4(d) of the Federal Rules of Civil Procedure provides for waiver of service so that the burden of service can be eliminated. *See Darulis*, 401 F.3d at 1063. Courts are particularly reluctant in the *in forma pauperis* context to require the expenditure of government resources for service by the United States Marshal when there appears to be no practical reason for it. *See Smith v. Saribay*, 2021 WL 1824292, at *2 n.3 & n.5 (D. Nev. Apr. 29, 2021); *see also Blackwell v. Cascade Cnty.*, 2018 WL 5557112, at *4 (D. Mont. Aug. 3, 2018) (in order screening prisoner civil rights claims, *sua sponte* instructing waiver of service form to be executed by a party or counsel).

Here, CCDC is plainly aware of the case as CCDC is a subsidiary bureau of LVMPD, the waivers and complaints were sent to each Defendant courtesy of LVMPD, and all Defendants but CCDC waived service. It would seem that the duty imposed by Rule 4 would best be fulfilled by CCDC waiving service.

Accordingly, the Court **DENIES** Defendant's motion to quash service. Docket No. 100. Counsel for Defendants are **ORDERED** to file a notice, by April 11, 2025, as to whether they will accept service on behalf of CCDC. If service will not be accepted, the Court will provide a

---

[1] The Court construes *pro se* filings liberally. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

reasonable period of time for service to be effectuated.[2]  Failure to waive service may result in the unserved Defendant paying for the service efforts ultimately made.  *See* Fed. R. Civ. P. 4(d)(2).

IT IS SO ORDERED.

Dated: April 9, 2025

                                             Nancy J. Koppe
                                             United States Magistrate Judge

---

[2] The Court must extend the service deadline upon a showing of good cause and retains broad discretion to extend that deadline even absent good cause.  *E.g., in re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001).  The circumstances of this case justify an extension of this deadline.