# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PRISCELLA SAINTAL BOWMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LV METROPOLITAN POLICE DEPT, *et al.*,<br><br>　　　　Defendants. | Case No.: 2:22-cv-01481-ART-NJK<br><br>**Order to Show Cause** |

On April 9, 2025, the Court ordered counsel for Defendants to file notice as to whether they will accept service on behalf of Defendant Clack County Detention Center ("CCDC"). Docket No. 112 at 2. In response, Defendants submit that "they cannot waive and/or accept service on behalf of the [CCDC] and it should be dismissed from this matter with prejudice, because it is not a suable entity." Docket No. 114 at 1. On April 14, 2025, the undersigned issued an order to show cause why Defendants should not be sanctioned for having taken no action regarding CCDC. Docket No. 115. In response, Defendants submit that "they did not act until the present because CCDC was never served at the outset of this matter" and that they did not waive service on behalf of CCDC "for the same reason it now informs the Court that [CCDC] is not the appropriate suable entity, because it is merely a building." Docket No. 117 at 2.

Defendants still fail to explain why, if they knew at the inception of this case that CCDC was not a suable entity, they did not take action. Indeed, two of the cases cited by Defendants, Docket No. 117 at 2-3, only dismissed CCDC for not being a proper defendant *after* CCDC appeared and filed a motion to dismiss. *See Carrillo v. Gillespie*, Case No. 2:12-cv-02165-JAD-VCF, Docket Nos. 5 at 4, 51 at 5 (motions to dismiss based on CCDC not being subject to suit as it is not the correct entity); *see also Yates v. NaphCare*, Case No. 2:12-cv-01865-JCM, Docket No. 5 at 3 (motion to dismiss based on CCDC being a building). Defendants provide no meaningfully developed argument as to why CCDC's status as a building prevented them from accepting or

1

waiving service and filing the appropriate motion, as in the cited cases.[1]  Instead, the response mostly consists of Defendants blaming Plaintiff for their own inaction. *See* Docket No. 117 at 3.

Accordingly, the Court hereby **ORDERS** Defendants to file a supplemental brief further addressing their failure to act, no later than April 24, 2025.  The order to show cause will automatically be discharged if Defendants file a notice as to whether they will accept service on behalf of CCDC.

In light of the circumstances, the parties' settlement conference currently set for April 29, 2025, Docket No. 105, is hereby **CONTINUED** to 10:00 a.m. on June 25, 2025.  Settlement statements must be submitted by 3:00 p.m. on June 18, 2025.  All other requirements set forth in the Court's order at Docket No. 105 continue to apply.

IT IS SO ORDERED.

Dated: April 22, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] For example, the Advisory Committee remarked that "[i]t is not good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction." *Yeh v. Mayorkas*, No. 4:24-cv-00797-KAW, 2025 WL 917108, at *3 (N.D. Cal. Mar. 26, 2025) (internal citations omitted).  Therefore, Rule 4(d)(2) of the Federal Rules of Civil Procedure applies even where a claim against a defendant is ultimately unsuccessful. *Id*.

2