UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PRISCELLA SAINTAL BOWMAN,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>LV METROPOLITAN POLICE DEPT., et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:22-cv-01481-ART-NJK<br><br>ORDER ON OBJECTION TO MAGISTRATE JUDGE ORDER (ECF No. 121) |

Before the Court is Plaintiff Priscella Saintal-Bowman's objection to Magistrate Judge Koppe's orders (ECF No. 121.) It appears from the briefing that Plaintiff objects specifically to two of Magistrate Judge Koppe's orders: the April 9, 2025 order denying Plaintiff's motion to file an amended complaint (ECF No. 113), and the April 22, 2025 order directing Defendants to file supplemental briefing regarding the Court's prior order to show cause (ECF No. 118).

## I.     Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a); LR IB 3-1(a). A district court will thus defer to a magistrate judge's nondispositive order unless it is clearly erroneous or contrary to law. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *24-7 Grp. of Companies, Inc. v. Roberts*, No. 3:13-CV-00211-MMD-WGC, 2014 WL 12707232, at *2 (D. Nev. Nov. 21, 2014); (quoting *United States v. Ressam,* 593 F.3d 1095, 1118 (9th Cir. 2010)). "A decision is 'contrary to law' if it applies an incorrect legal

1

standard or fails to consider an element of the applicable standard." *Id.* (quoting *Conant v. McCoffey*, C97–0139, 1998 WL 164946, at *2 (N.D.Cal. Mar.16, 1998)).

## II. Analysis

Plaintiff argues that the fact that Judge Koppe ordered unrequested supplemental briefing from Defendants, but denied her motion for leave to amend her complaint, showed favoritism and was prejudicial.

### A. Order Denying Leave to Amend

Judge Koppe's order denying Plaintiffs' motion for leave to amend her complaint stated that Plaintiff failed to show "good cause" and "excusable neglect" for her failure to amend by the deadline. (ECF No. 113.) The order cited *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("good cause" showing required for belated motion to amend), *Branch Banking & Trust Co. v. DMSI*, LLC, 871 F.3d 751, 764-65 (9th Cir. 2017) (motion to amend after expiration of the deadline to do so requires showing of "excusable neglect"), and Local Rule 26-3 (a motion to extend a date set by scheduling order "must be supported by showing of good cause," and "[a] request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.") (*Id.*)

The order then found that Plaintiff's failure to explain why the motion was filed more than 600 days after the expiration of the deadline to amend met the excusable neglect or good cause standards. (*Id.*) Upon review of Plaintiff's motion, the Court agrees that Plaintiff offered no explanation. (*See* ECF no. 106.) Because Judge Koppe's order applied the correct legal standard and made no clearly erroneous findings, Plaintiff's objection is overruled.

### B. Order for Supplemental Briefing

Judge Koppe ordered Defendants to file supplemental briefing addressing their failure to act with regards to acceptance or waiver of service of Defendant Clark County Detention Center. (ECF No. 118.) It appears that she did so after

2

finding Defendants' initial response to her order to show cause insufficient. (*See id.*) ("Defendants provide no meaningfully developed argument as to why CCDC's status as a building prevented them from accepting or waiving service and filing the appropriate motion, as in the cited cases. Instead, the response mostly consists of Defendants blaming Plaintiff for their own inaction."). Courts may *sua sponte* order supplemental briefing from parties. *McKinnon v. Nikula*, No. 3:20-CV-5367-BHS-DWC, 2021 WL 2012582, at *3 (W.D. Wash. May 20, 2021) ("The Ninth Circuit and Supreme Court precedent allow the Court to *sua sponte* order supplemental briefing.") (citing *Warren v. C.I.R.*, 282 F.3d 1119, 1120 (9th Cir. 2002) and *United States Natl Bank v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 445-48 (1993)). It was therefore not clear error nor contrary to law for Judge Koppe to order supplemental briefing from Defendants related to the order to show cause.

### III.  Conclusion

It is therefore ordered that Plaintiff's objection to Judge Koppe's orders (ECF No. 121) is OVERRULED.

Dated this 8th day of August, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE