UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PRISCELLA SAINTAL BOWMAN,<br><br>                               Plaintiff,<br>v.<br><br>LV METROPOLITAN POLICE DEPT., et al.,<br><br>                              Defendants. | Case No. 2:22-cv-01481-ART-NJK<br><br>ORDER ON MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (ECF Nos. 125 and 127) AND RELATED MOTIONS |

*Pro se* Plaintiff Priscella Saintal Bowman ("Bowman") brings this action alleging false imprisonment and excessive force against the Las Vegas Metropolitan Police Dept. ("LVMPD"), Clark County Detention Center ("CCDC"), and its officers. Before the Court is Defendant CCDC's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF Nos. 125 and 127), all Defendants' Motion to Strike (ECF No. 149), and Plaintiff's Motion to Strike (ECF Nos. 154 and 155).

The Court earlier determined that Bowman's claim for false imprisonment will proceed against LVMPD and Officer Bodnar, and her claim for excessive force will proceed against Officers Hook and Guerrero and Sergeant Peterson. (ECF No. 82.)

On April 24, 2024, Defendant LVMPD and its officers accepted service on behalf of CCDC. (ECF No. 120.) CCDC filed its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, on the basis that CCDC is not a legally suable entity. (ECF Nos. 125 and 127.) After the motion was fully briefed, Bowman filed a sur-reply. (ECF No. 142.) Defendants filed a Motion to Strike Bowman's sur-reply. (ECF No. 149.) Bowman filed a Motion to Strike Defendant's reply to its Motion to Strike. (ECF Nos. 154 and 155.)

The Court agrees with Defendant that CCDC is not a suable entity and

dismisses the claims against it. *See Carrillo v. Gillespie,* No. 2:12-cv-02165-JAD-VCF, 2014 WL 1307454 at *2 (D. Nev. Mar. 28. 2014). The Court will grant the Defendant's Motion to Strike Bowman's sur-reply (ECF No. 149) and deny Bowman's Motion to Strike Defendant's reply to its Motion to Strike (ECF Nos. 154 and 155).

Bowman's claims for false imprisonment and excessive force against Defendants LVMPD and its officers will now proceed to trial. To this point, Bowman has proceeded pro se. Although she is not entitled to counsel, the Court will entertain a motion for appointment of counsel that must be filed by December 28, 2025.

I. **Conclusion**

It is therefore ordered that Defendant CCDC's Motion to Dismiss (ECF No. 125) is GRANTED.

It is further ordered that Defendant CCDC's Motion for Summary Judgment (ECF No. 127) is DENIED as moot.

It is further ordered that Defendant CCDC's Motion to Strike Plaintiff's Sur-Reply to Defendant's Motion to Dismiss (ECF No. 149) is GRANTED.

It is further ordered that Plaintiff's Motion to Strike Defendant CCDC's Reply to its Motion to Strike (ECF Nos. 154 and 155) is DENIED.

It is further ordered that Plaintiff may file a motion for appointment of counsel no later than December 28, 2025.

It is further ordered that a Joint Pretrial Order must be filed by February 6, 2026.

//
//
//
//
//

2

DATED THIS 5th day of December, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE