UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PRISCILLA SAINTAL BOWMAN,

Plaintiff,

v.

LV METROPOLITAN POLICE DEPT., et al.,

Defendants.

Case No. 2:22-cv-1481-ART-NJK

ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 169)

Plaintiff Priscilla Bowman, has filed a motion for appointment of counsel in this *pro se* 1983 action. (ECF No. 169.) Ms. Bowman requests counsel because his case is proceeding to trial. Ms. Bowman cites her lack of legal education, recent personal tragedy, and mental and emotional distress as reasons why counsel should be appointed. For the reasons discussed below, the Court grants Plaintiff's motion for appointment of counsel and refers this case to the pro bono program.

### I.      Legal Standard

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. §1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. However, the Court will appoint counsel for indigent civil litigants only in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the

legal issues involved. *Id.* Neither of these considerations is dispositive and instead must be viewed together. *Id.*

**II.    Analysis**

Based on the Court's review of the record, there is at least some likelihood of success on the merits of Plaintiffs' claims. Plaintiff's false imprisonment and excessive force claims have survived a summary judgment motion. (ECF No. 82.) The parties also engaged in a mediation session in which a settlement was not reached. (ECF No 153.)

There are also indications that Ms. Bowman may struggle to articulate his claims at trial, as she does not have a legal background, is grieving the recent loss of both of her parents, and is still traumatized by her experiences with LVMPD. While Ms. Bowman represented herself during initial phases of this case, presenting a case to a jury pro se presents new and different challenges for a pro se litigant. "[W]hile a pro se plaintiff may be able to adequately articulate their claims on paper at the pretrial stage, presentation of evidence at trial requires greater knowledge of legal rules and procedures as well as increased technical skills in public speaking and presentation. Appointed counsel also can assist the court in handling the trial 'more efficiently and effectively.'" *Blanco v. Jacoby*, No. 3:20-CV-00050-ART-CRD, 2023 WL 2238850, at *3 (D. Nev. Feb. 27, 2023) (quoting *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam)); *see also Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) ("Taking depositions, conducting witness examinations, applying the rules of evidence, and making opening statements are beyond the ability of most pro se litigants to successfully carry out."). Additionally, Plaintiff's constitutional claims raise relatively complex legal and factual issues, such as the legal standards governing § 1983 claims, *Monell* liability, and the doctrine of qualified immunity, in addition to navigating the procedural hurdles of discovery.

2

Finding that exceptional circumstances exist, the Court grants Plaintiff's motion for appointment of counsel. This case is referred to the Pro Bono Program adopted in Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for Plaintiff. The scope of appointment shall be for the remainder of his case, including trial if necessary. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case.

**III.    Conclusion**

It is hereby ordered that Plaintiff's Motion for Appointment of Counsel (ECF No. 169) is granted.

It is further ordered that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

It is further ordered that the Clerk shall also forward this order to the Pro Bono Liaison.

It is further ordered that all other deadlines related to this case are paused, pending the appointment of pro bono counsel.

Dated this 23rd day of February 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3